THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>DEVIN PARIS LOFTON,<br><br>           Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S EMERGENCY MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)**<br><br>Case No. 4:21-cr-00023 - DN<br><br>District Judge David Nuffer |

## BACKGROUND

Prisoner Devin Lofton ("Lofton") filed an Emergency Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("Motion for Sentence Reduction"), seeking relief to serve the remainder of his federal prison term in home confinement.[1] Lofton was incarcerated on January 8, 2021[2] and his anticipated release date, with Good Conduct Time release, is January 13, 2023.[3] His stipulated 24-month incarceration "is six months lower than the low end of the recommended guidelines."[4] Per the Bureau of Prisons' ("BOP") report, Lofton is eligible for home detention on November 2, 2022.[5]

---

[1] Emergency Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) ("Motion for Sentence Reduction"), docket no. 42, filed July 19, 2022.

[2] United States Opposition to Defendant's Emergency Motion for Compassionate Release ("Opposition"), Exhibit 2, docket no. 43-2 at 19, filed July 26, 2022.

[3] *Id.* at 17.

[4] Guideline Presentence Investigation Report, docket no. 35 (sealed), filed January 12, 2022.

[5] First Step Act Relief Eligibility Report, docket no. 45 (sealed), filed August 11, 2022.

## DISCUSSION

18 U.S.C. § 3582(c) allows a defendant to bring a motion to reduce their sentence term once it has been imposed. To begin, a defendant must request that the Director of the BOP bring the motion on the defendant's behalf. If the Director fails to do so or if 30 days pass after the defendant gave the request to their facility's warden, the Defendant may move forward with seeking judicial relief. This requires that the defendant[6] proves (1) "that extraordinary and compelling reasons warrant such a reduction"[7] (or that the defendant is over the age of seventy, has served 30 years in prison, and is not a danger to the community[8]); and (2) "that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission."[9] The court then (3) "consider[s] any applicable § 3553(a) factors and determine[s] whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."[10] The motion may be denied without addressing the other steps if any of the three requirements is missing.[11]

We "have the authority to determine for [ourselves] what constitutes 'extraordinary and compelling' reasons"[12] so long as the Sentencing Commission's applicable policy statements[13] function as "guideposts"[14] in our analysis.

---

[6] *United States v. Heromin*, 2019

[7] 18 U.S.C. § 3582(c)(1)(A)(i).

[8] *Id*. at (ii).

[9] 18 U.S.C. § 3582(c)(1)(A).

[10] *United States v. McGee*, 992 F.3d 1035, 1042-43 (internal quotations omitted).

[11] *Id*. at 1043.

[12] *Id*. at 1045.

[13] *Id*.

[14] *Id*.

The Sentencing Commission has stated that "extraordinary and compelling reasons exist" when a variety of conditions are met. The applicable conditions include when a "defendant is suffering from a terminal illness…a serious physical or medical condition…[or] a serious functional or cognitive impairment";[15] if the caretaker of the defendant's minor child or minor children dies or becomes incapacitated[16]; or if "there exists…an extraordinary and compelling reason"[17] other than the ones listed by the Sentencing Commission.

Defendant claims that being an obese, incarcerated person during a pandemic qualifies as an "extraordinary and compelling reason" to release him to home confinement for the remainder of his incarceration period.[18] He attached a document to his motion titled "Medical Records"[19] but only includes the release of information and not the records themselves. The government attached Defendant's medical records to their Opposition to Defendant's Motion for Sentence Reduction.[20] On the page regarding mental health, it reports that Defendant: has no history of mental health treatment, [21] and is currently receiving mental health treatment but has no complaints regarding his mental health.[22] That page also states Defendant has no history of a head injury; loss of consciousness; hearing loss; or suicide attempts.[23] The report only mentions the word "Schizophrenia" under "Comments"[24]—a 2015 diagnosis that is mentioned in

---

[15] USSG § 1B1.13, cmt. n.1(A).

[16] *Id.* at (C).

[17] *Id.* at (D).

[18] Motion for Sentence Reduction at 8, 11, and 17.

[19] Motion for Sentence Reduction, Exhibit 1.

[20] Opposition, Exhibit 2, at 1-15.

[21] *Id*. at 3.

[22] *Id.*

[23] *Id.*

[24] *Id.*

Defendant's Presentence Investigation Report[25]—but Defendant does not mention Schizophrenia in his motion. Under the "Observations" page of the medical records, it reports that Defendant has no open sores, wounds, body deformities, tremors, signs of recent trauma, or sweating.[26] His only listed "Current Medical Condition []" is "Urinary Hesitancy."[27] Defendant received a COVID-19 vaccine on July 21, 2021[28]; he tested negative twice for COVID-19 in June 2022[29]; and he refused a booster COVID-19 vaccine on June 27, 2022.[30] His current medications are 15 mg of Aripiprazole[31] (used to treat schizophrenia[32]); 25 mg of hydrochlorothiazide[33] (used to treat high blood pressure[34]); and 0.4 mg of Tamsulosin[35] (used to improve urination for men[36]), all taken once daily. Defendant has not provided proof of a terminal illness. The only proof of any medical condition is the phrase "Current medical Condition []: Urinary Hesitancy" and a one-page document stating the three medications he is taking, presumably for Schizophrenia, high blood pressure, and urination issues. These issues alone do not meet the burden of proving "an extraordinary and compelling reason" for a reduction in sentencing.

---

[25] Presentence Investigation Report, docket no. 35 (sealed), filed January 12, 2022.

[26] Opposition, Exhibit 2, at 4.

[27] *Id*. at 3.

[28] *Id.* at 9.

[29] *Id.* at 11.

[30] *Id.* at 12.

[31] *Id.* at 13.

[32] https://www.drugs.com/aripiprazole.html

[33] Opposition, Exhibit 2, at 13.

[34] https://www.drugs.com/hydrochlorothiazide.html

[35] Opposition, Exhibit 2, at 13.

[36] https://www.drugs.com/tamsulosin.html

Defendant also claims that the caregiver of his minor children has died or has become incapacitated and that he is the only available caregiver for the minor children.[37] However, the only evidence he gives is that two of his five children are in foster care[38] but makes no mention of their caretaker being deceased or incapacitated. Therefore, this claim is baseless.

## ORDER

IT IS HEREBY ORDERED that Defendant's Motion for Sentence Reduction[39] is DENIED.

Signed October 3, 2022.

BY THE COURT

_David Nuffer_
David Nuffer
United States District Judge

---

[37] Motion for Sentence Reduction at 4.

[38] *Id.* at 24-25.

[39] Motion for Sentence Reduction, docket no. 42.